Stumacher v Medical Liab. Mut. Ins. Co.

2026 NY Slip Op 02734

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Richard Stumacher, Plaintiff-Respondent,

v

Medical Liability Mutual Insurance Company, et al., Defendants-Appellants.

Decided and Entered: April 30, 2026

Index No. 157477/24|Appeal No. 6499|Case No. 2025-02664|

Before: Kennedy, J.P., González Rosado, Chan, JJ.

Rivkin Radler LLP, New York (Henry M. Mascia of counsel), for Medical Liability Mutual Insurance Company, appellant.

Furman Kornfeld & Brennan LLP, New York (Aaron M. Barham of counsel), for Marshall Dennehey Warner Coleman & Goggin P.C. and Kevin Ryan, appellants.

Blank & Star, PLLC, Brooklyn (Helene E. Blank of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Judith N. McMahon, J.), entered March 31, 2025, which denied defendant Medical Liability Mutual Insurance Company's motion pursuant to CPLR 3211(a)(7) to dismiss the third cause of action against it and any claim or demand for punitive damages, and the motion by defendants Marshall Dennehey Warner Coleman & Goggin, P.C. and Kevin Ryan pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint as against them in its entirety, unanimously modified, on the law, to the extent of dismissing the third cause of action against MLMIC, and otherwise affirmed, without costs.

The court properly denied MLMIC's motion to dismiss the demand for punitive damages, but should have dismissed the third cause of action for such relief. Plaintiff's complaint, which is to be afforded a liberal construction and the facts of which we are required to accept as true (see Leon v Martinez, 84 NY2d 83, 87 [1994]), alleges egregious conduct directed not only at him but more broadly at MLMIC's other insureds within the State of New York and nationwide. This alleged behavior went beyond a failure to settle the underlying malpractice claim within policy limits, but rather included, inter alia, a callous disregard of the probability of an excess verdict, the assignment by MLMIC of a single law firm to represent multiple defendants with conflicting interests, and the failure to notify plaintiff of settlement offers. Thus, while "no separate cause of action for punitive damages lies for pleading purposes . . . the complaint, . . . adequately alleges a demand for punitive damages" against MLMIC (Pergament v Government Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 801 [2d Dept 2024] [internal quotation marks omitted]; see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 613 [1994]).

The court properly denied defendants Marshall Dennehey and Ryan's motion to dismiss. The complaint adequately alleges that defendants breached their duty of care, and that such breach caused ascertainable damages. The allegations were not wholly speculative since there is evidence in the record that plaintiff expressed concern about the possibility of an excess verdict, and because plaintiff alleged he would have agreed to settle the underlying action had he been informed that the plaintiff in that action had offered to accept the policy limits. Further, the documentary evidence submitted by defendants does not conclusively establish a defense to the legal malpractice cause of action as a matter of law (see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc. , 10 AD3d 267, 271 [1st Dept 2004]).

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026